UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DUANE BERRY,

        Plaintiff,                  Case No. 2:12-cv-15206

v.                                      Honorable R. Allan Edgar

MEGAN SULLIVAN, et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. **The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.** Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Duane Berry, a non-prisoner who resides in Clinton Township, Michigan, filed this civil rights action pursuant to 42 U.S.C. § 1983. However, the only named Defendants in this case are federal officials. The court notes that an action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is the appropriate vehicle for redressing constitutional claims against federal officials, while Section 1983 is the appropriate action against state officials. *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698 (6th Cir. 1996). Therefore, the court will construe Plaintiff's complaint as having been filed pursuant to *Bivens*.

In his amended complaint (docket #11), Plaintiff alleges that in criminal case *United States v. Duane Berry*, No. 2:10-cr-20653-GAD-RSW-1 (E.D. Mich.), the United States Attorney's Office knowingly filed a forged and counterfeit "Stipulation Order to Continue." Plaintiff appears to be complaining about the conduct of Defendants in relation to his criminal case. In an order dated March 27, 2013, the court for the Eastern District of Michigan noted that the "Government has recently admitted that it did not actually have Seikaly's [Plaintiff's criminal defense attorney] permission for a continuance and that Seikaly did not consent to the submission of this stipulation to the Court." *United States v. Duane Berry*, No. 2:10-cr-20653-GAD-RSW-1, docket #130, p. 4 (E.D. Mich.). The court further stated:

> Additionally, the Court cannot ignore the fact that the stipulation to continue relative to the time period of August 9, 2011 through October 11, 2011 was entered by the Court without the consent of Seikaly or Defendant. The Government argues that the stipulation for the continuance was the result of a miscommunication or misunderstanding between the attorneys. The Government insists that it was not improper for Seikaly to fail to correct the error since the

> parties were engaged in ongoing plea negotiations based on Defendant's interest in pleading guilty as opposed to proceeding to trial. Relying on *United States v. Howard*, 218 F.3d 556, 532 (6th Cir. 2000), the Government maintains that Defendant and his counsel ratified the new date by not seeking to void or correct it after it had been entered. The facts in *Howard* are distinguishable from the present matter because the defendant in *Howard* requested the continuance in order to conduct discovery, therefore the court held that "[b]ecause Howard requested this continuance, he is barred from arguing that it was not in the interests of justice." *Id.* Here, it is undisputed that Defendant never authorized or consented to the continuance, and after he asked two of his attorneys to file a motion with the court to correct the error and each refused, he was forced to file an Affidavit for Judicial Notice *pro se* complaining of the fraud upon the Court.

*Id.* at p. 14. The court noted that the length of Plaintiff's pretrial detention, nearly two and a half years, along with the Government's demonstrated bad faith in bringing the matter to a resolution, suggested the a violation of due process had occurred and concluded that Plaintiff was entitled to dismissal of the charges with prejudice. *Id.* at pp. 21-22.

In his complaint, Plaintiff states that he sent letters of complaint about the conduct of the AUSA in his criminal case to a number of governmental officials / agencies. On May 9, 2012, Plaintiff was copied on a letter from Michigan Senator Tupac A. Hunter to United States Senator Carl Levin. In the letter, Senator Hunter referred Plaintiff's complaint to Senator Levin, indicating that the complaint appeared to concern a federal matter regarding the United States Department of Justice. (Docket #11, p. 16 of 19.)

On May 1, 2012, Plaintiff states that Defendant Duggan admitted receiving Plaintiff's complaint against the AUSA [Assistant United States Attorney] and stated that he had a responsibility to turn the information over to an investigative body, but that Plaintiff could also submit the information. On September 19, 2012, a private unofficial meeting was held in a small

interrogation room in the Federal Building with Plaintiff and Defendants Sullivan and Unknown Marshal. Defendant Sullivan told Plaintiff that the meeting had been ordered by Defendant Duggan. Plaintiff claims that Defendants Sullivan and Unknown Marshal pressured him into telling them the names of every person and agency that he had contacted regarding the AUSA's conduct in his criminal case. Plaintiff was also questioned regarding his communications with the court. Plaintiff refused to answer the questions and Defendant Sullivan told him that he was not to communicate anything further to the judge, the court, or to anyone else. Defendant Sullivan instructed Plaintiff to send all correspondence directly to her.

Plaintiff claims that Defendants violated his First, Fifth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

## Discussion

I.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.

Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants violated his First Amendment right of access to the courts. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d

413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Because Plaintiff has failed to show such an injury, his First Amendment claims are properly dismissed.

In addition, Plaintiff makes a conclusory statement that Defendants' actions violated his rights under the Fifth Amendment. The Double Jeopardy Clause of the Fifth Amendment precludes successive state proceedings that are essentially criminal in nature. *Breed v. Jones*, 421 U.S. 519, 527-528 (1974). In *Breed*, the Court noted that criminal proceedings impose heavy pressures and burdens on a person charged. *Id.* at 529-530. The purpose of the Double Jeopardy Clause is to ensure that a person not be subject to such a proceeding more than once for the same offense. *Id.* at 530.

The Fifth Amendment also protects a person's right against self-incrimination. *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1975). A prisoner may remain silent when charged with a prison rule infraction, but his silence during a prison disciplinary hearing may be weighed against him in determining his guilt. *Id.* at 316-319. Plaintiff in this case failed to allege any facts which would implicate his rights under the Fifth Amendment. Therefore, Plaintiff's Fifth Amendment claim should be dismissed as frivolous.

Finally, Plaintiff claims that Defendants' violated his rights under the Fourteenth Amendment. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will

produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). In this case, Plaintiff claims that the AUSA engaged in misconduct, that he brought this conduct to the attention of Defendant Duggan, was questioned by Defendants Sullivan and Unknown Marshal, and that the criminal charges against him were ultimately dismissed. Therefore, it is clear that Plaintiff received due process of law.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:      5/7/2013                          /s/ R. Allan Edgar
                                              R. Allan Edgar
                                              United States District Judge